**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Kelly Mulcahy (Bar No. 305472)
548 Market Street #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
kelly@kr.law

Attorneys for Plaintiff Ducky Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **DUCKY LTD.**, <br><br> Plaintiff, <br><br> v. <br><br> **IVILIIA MILLIONIC IT SP. Z O.O.**, <br><br> Defendant. | Case No. 3:24-CV-02268-PHK <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE UNDER FED. R. CIV. P. 4(f)(3) AND 4(h)(2); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Time: 1:00 p.m. <br> Date: July 12, 2024 <br> Before: Hon. Peter H. Kang <br> Ctrm.: F |

**PLAINTIFF'S NTC OF MTN AND MTN FOR ORDER AUTHORIZING SERVICE; MPA**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 12, 2024, at 1:00 p.m., or as soon thereafter as the matter may be heard, in the above-titled Court, in Courtroom F on the 15th Floor of the San Francisco Courthouse, located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable Peter H. Kang, Plaintiff Ducky Ltd. will and hereby does move this Court for an order authorizing service under Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2) with respect to Defendant Iviliia Millionic IT Sp. z o.o.

The Court should grant the Plaintiff's motion because: a) service on Defendant by email is not prohibited by the Hague Convention, as ratified by Poland, b) service on Defendant by email comports with due process where Plaintiff has identified bona fide email addresses used by Defendant, and c) service under the Hague Convention is unlikely to result in timely service.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities and declarations, the pleadings and other papers on file in this action, and any other evidence that may be offered at a hearing if necessary.

Respectfully Submitted,

DATED: June 7, 2024

**KRONENBERGER ROSENFELD, LLP**

By: _____ s/ Jeffrey M. Rosenfeld _____
Jeffrey M. Rosenfeld

Attorneys for Plaintiff Ducky Ltd.

Case No. 3:24-cv-02268-PHK

1

**PLAINTIFF'S NTC OF MTN AND MTN FOR ORDER AUTHORIZING SERVICE; MPA**

**KRONENBERGER ROSENFELD**
150 Post Street, Suite 520 San Francisco, CA 94108

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

INTRODUCTION ............................................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................. 2

BACKGROUND ............................................................................................................... 2

    A.    Factual Background ......................................................................................... 2

    B.    Procedural Background. ................................................................................... 3

ARGUMENT .................................................................................................................... 4

    A.    Legal Standard ................................................................................................ 4

    B.    The Court should authorize service on Defendant by email under Fed. R. Civ. P. 4(f)(3). ........................................................................................................... 5

    C.    Plaintiff's application under the Hague Convention is unlikely to result in timely service. ............................................................................................................... 7

    D.    Poland has objected to personal service on Defendant's officer or agent through a process server ................................................................................... 7

CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*CJ E&M Am., Inc. v. iQiyi, Inc.*,
No. CV 18-5771 PA (JEMX), 2018 WL 6380751 (C.D. Cal. Aug. 13, 2018) ............... 6

*Facebook, Inc. v. Banana Ads, LLC*,
2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) ............................................................. 6

*Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*,
295 F.R.D. 259 ......................................................................................................... 7

*Microsoft Corp. v. Goldah.Com Network Tech. Co.*,
2017 WL 4536417 (N.D. Cal. Oct. 11, 2017) .............................................................. 5

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) ................................................................................................. 6

*Reflex Media, Inc v. Ltd.*,
No. CV 20-00423-RGK-KS, 2020 WL 9073067 (C.D. Cal. Oct. 26, 2020) ............. 5, 6

*Rio Properties, Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ............................................................................... 4, 5

*Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*,
No. 15-20590-CIV, 2015 WL 5320947 (S.D. Fla. Sept. 14, 2015) ............................. 7

*Stingray IP Sols., LLC v. Signify N.V.*,
No. 2:21-CV-00043-JRG, 2021 WL 9095765 (E.D. Tex. Nov. 2, 2021) ...................... 7

*Wang v. Ehang Holdings Ltd.*,
No. 20-CV-00569-BLF, 2020 WL 11891323 (N.D. Cal. June 29, 2020) ................. 5, 6

*Water Splash, Inc. v. Menon*,
137 S. Ct. 1504 (2017) .............................................................................................. 5

*William-Sonoma Inc. v. Friendfinder Inc.*,
2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) ......................................................... 5, 6

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**Rules**

Fed. R. Civ. P. 4 ............................................................................... 1, 2, 3, 4

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff requests that the Court authorize service of process by email on Defendant Iviliia Millionic IT Sp. z o.o pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2).

By way of background, Plaintiff owns all rights and interests to the mobile application game, Melon Sandbox (the "Game"), including all copyrights to the Game. Defendant Iviliia Millionic IT Sp. z o.o. is a Polish-formed company with its headquarters in Warsaw, Poland. Defendant has no rights or interest in the Game.

In an attempt to exploit the success of the Game, Defendant fraudulently registered copyrights with the United States Copyright Office covering certain artwork in the Game. Defendant then used these fraudulently obtained copyright registrations to extort settlement payments and licensing fees from third parties who had published derivative works based on the Game.

Plaintiff brought this lawsuit to stop Defendant's misuse of Plaintiff's intellectual property. Plaintiff now seeks to serve Defendant with process. While Plaintiff has applied for service under the Hague Convention with Poland's Central Authority-designee (i.e. the Regional Court of Warsaw), Plaintiff understands that such service is likely to take months, if it occurs at all. Thus, Plaintiff requests that the Court authorize service on Defendant by email.

While service under Rules 4(f)(3) and 4(h)(2) is often referred to as "alternative," these Rules do not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." Service of process by email is appropriate here because: a) service on Defendant by email is not prohibited by the Hague Convention, as ratified by Poland, b) service on Defendant by email comports with due process where Plaintiff has identified bona fide email addresses used by Defendant, and c) service under the Hague Convention is unlikely to result in timely service or service at all.

Case No. 3:24-cv-02268-PHK

1

**PLAINTIFF'S NTC OF MTN AND MTN FOR ORDER AUTHORIZING SERVICE; MPA**

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

KRONENBERGER ROSENFELD

150 Post Street, Suite 520 San Francisco, CA 94108

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should authorize Plaintiff to serve Defendant with process by email pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2)?

**BACKGROUND**

**A.      Factual Background**

Melon Sandbox, also known as Melon Playground, is a 2-D sandbox game, where players can create, simulate, and build nearly anything with the various objects and items provided in the Game. (Compl. ¶17.) The Game contains several characters that players can insert into the gameplay, such as Melon, Pumpkin, Corn, and Apple. (Compl. ¶18.) Players place the characters in a virtual sandbox along with various items and then initiate actions and movement by the characters. (Compl. ¶18.)

Plaintiff is the exclusive owner of all rights to the Game, including all copyrights to the Game and its underlying artwork. (Compl. ¶25.) Plaintiff has acquired multiple U.S. copyright registrations covering the Game and the underlying artwork. (Compl. ¶¶27-35.) Plaintiff has published and continues to publish the Game on the Apple App Store and the Google Play Store. (Compl. ¶26.) Since its release, the Game has been downloaded more than 70 million times on the Google Play Store and more than 22 million times on the Apple App Store. (Compl. ¶40.)

Defendant is a Polish-formed company based in Warsaw, Poland. (Compl. ¶11; Declaration of Vladimir Adashchik in Support of Plaintiff's Motion for Order Authorizing Alternative Service Under Fed. R. Civ. P. 4(f)(3) and 4(h)(2) ("Adashchik Decl.") ¶¶7-8 & Exs. F-G.) Defendant was not involved in the creation, development, authorship, or publication of the Game or the artwork displayed in the Game. (Compl. ¶43.) Defendant does not own any rights or interest in the Game or to the artwork displayed in the Game, is not a licensee of any rights in the Game, and has no relationship with Plaintiff. (Compl. ¶¶44-46.)

In its attempt to capitalize on the popularity of the Game, and despite having no legitimate rights or interest in the Game, in 2023 Defendant applied for and obtained at

Case No. 3:24-cv-02268-PHK

2

**PLAINTIFF'S NTC OF MTN AND MTN FOR ORDER AUTHORIZING SERVICE; MPA**

least 22 copyright registrations with the United States Copyright Office for two-dimensional artwork featured in the Game (the "Fraudulent Registrations"). (Compl. ¶47.) Beginning in or around October or November 2023, Defendant began using its Fraudulent Registrations to extort settlement payments and licensing fees from third parties who had published derivative works based on the Game (Compl. ¶50.) Additionally, Defendant submitted DMCA takedown requests to Apple and Google demanding the removal of the Game from the Apple App Store and the Google Play Store (the "DMCA Notices"). (Compl. ¶55.)

Defendant used the email address info@iviliiamilionicit.com to submit the DMCA Notices and to communicate with Google and Apple. (Adashchik Decl. ¶¶2-3 & Exs. A-B.) Thereafter, Defendant engaged in limited communications with Plaintiff, also using the email address info@iviliiamilionicit.com. (Adashchik Decl. ¶2 & Ex. A.)

Additionally, Defendant has used the email addresses ivilliamilionic@gmail.com and info@iviliiamilionicit.com to communicate with third parties about Defendant's purported copyrights in the Game. (Adashchik Decl. ¶¶4-5 & Exs. C-E.) Finally, Defendant has published on its website located at <iviliiamilionicit.com> the email address iviliiamillioniciit@gmail.com under the website's contact information. (Adashchik Decl. ¶7 & Ex. F.)

**B.    Procedural Background**

Plaintiff filed this action on April 16, 2024. [D.E. No. 1.] The Court issued the Summons on April 19, 2024. [D.E. No. 7.] Plaintiff immediately began preparing its application for service on Defendant in Poland under the Hague Convention. On May 28, 2024, Plaintiff completed the translation of the Summons, Complaint, and other case-initiating documents into Polish. (Declaration of Michał Pękała in Support of Plaintiff's Motion For Order Authorizing Alternative Service Under Fed. R. Civ. P. 4(f)(3) and 4(h)(2) ("Pękała Decl.") ¶3.) On May 29, 2024, Plaintiff submitted a completed application under the Hague Convention to the Polish Central Authority-designee—i.e. the President of the

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Regional Court of Warsaw, Poland (the "Hague Convention Application"). (Pękała Decl. ¶4 & Ex. B.)[1]

As of the date of this motion, Plaintiff has not received any information about the status of Plaintiff's Hague Convention Application. (Pękała Decl. ¶5.) However, based on the experience of Polish counsel, it is expected that service under the Hague Convention will take at least several months, and may not occur at all. (Pękała Decl. ¶6.)

**ARGUMENT**

**A.    Legal Standard**

Rules 4(f) and 4(h)(2) of the Federal Rules of Civil Procedure govern service of process on individuals and corporations outside the United States. Rule 4(h)(2) provides for service on a corporation, partnership, or association "in any manner prescribed by Rule 4(f) ...." Fed. R. Civ. P. 4(h)(2). In turn, Rule 4(f)(1) authorizes service "by any internationally agreed means of service that is reasonably calculated to give notice," including through the Hague Convention. Fed. R. Civ. P. 4(f)(1). Alternatively, Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Rule 4(f) does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (internal quotations and citation omitted). Rather, the rule "is merely one means among several which enables service of process on an international defendant." *Id.* at 1015. Rule 4(f)(3) simply requires that service: (1) is directed by the court; (2) is not prohibited by international agreement; and (3) comports with due process. See *id.* at 1014-1016. "[T]he

---

[1] Under Article 18 of the Hague Convention, Poland has designated the Presidents of the Regional Courts to accept applications for service of process. *See*

- https://www.hcch.net/en/states/authorities/details3/?aid=269

Further, when Hague Conventions application are submitted to the Central Authority (i.e. the Polish Ministry of Justice), the Central Authority simply sends those applications to the relevant Regional Court. (Pękała Decl. ¶4.)

task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is left to the sound discretion of the district court. *Id.* at 1016.

**B.    The Court should authorize service on Defendant by email under Fed. R. Civ. P. 4(f)(3).**

The Court should authorize Plaintiff to serve Defendant by email at Defendant's known email addresses because the three requirements for Rule 4(f)(3) are satisfied.

First, if the Court grants this motion, service via email will be directed by this Court.

Second, service by email is not prohibited by an international agreement. Here, the international agreement at issue is the Hague Convention because both Poland and the United States are signatories to it. *See Convention Done at the Hague Nov. 15, 1965.*[2] The Hague Convention requires each signatory state to establish a central authority to receive requests for service of documents. *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017). While Article 10 permits service through other means if the destination state does not object, *see id.*, Poland has objected to Article 10.[3] However, courts in this Circuit have consistently found that objections to Article 10 of the Hague Convention do not prohibit service by email. *See, e.g.*, *Wang v. Ehang Holdings Ltd.*, No. 20-CV-00569-BLF, 2020 WL 11891323, at *2–3 (N.D. Cal. June 29, 2020) (permitting service by email though China objected to Article 10); *Reflex Media, Inc v. Ltd.*, No. CV 20-00423-RGK-KS, 2020 WL 9073067, at *2–3 (C.D. Cal. Oct. 26, 2020); *Microsoft Corp. v. Goldah.Com Network Tech. Co.*, 2017 WL 4536417, at *11 (N.D. Cal. Oct. 11, 2017) (same); *William-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (authorizing service via email because Hague Convention does not expressly prohibit email service). Thus, service by email is not prohibited by an international agreement.

Finally, service by email comports with due process. Due process requires that the method of service be "reasonably calculated, under all circumstances, to apprise

[2] *See* https://www.hcch.net/en/states/authorities/details3/?aid=268.

[3] *See* https://www.hcch.net/en/states/authorities/details3/?aid=268.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

interested parties of the pendency of the action and afford them an opportunity to present their objection." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Due process is satisfied when the plaintiff can establish that the email account it has for the defendant has been an effective means of communication and would serve the purpose of ensuring that the defendant receives adequate notice. *See Williams-Sonoma Inc.*, 2007 WL 1140639, at *2; *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). "The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." *Mullane*, 339 U.S. at 315. Thus, courts in this Circuit have consistently found that service to a bona fide email address satisfies due process concerns. *See, e.g.*, *Wang v. Ehang Holdings Ltd.*, No. 20-CV-00569-BLF, 2020 WL 11891323, at *4 (N.D. Cal. June 29, 2020); *Reflex Media, Inc v. Ltd.*, No. CV 20-00423-RGK-KS, 2020 WL 9073067, at *4 (C.D. Cal. Oct. 26, 2020); *CJ E&M Am., Inc. v. iQiyi, Inc.*, No. CV 18-5771 PA (JEMX), 2018 WL 6380751, at *4 (C.D. Cal. Aug. 13, 2018).

Here, Plaintiff has identified three email addresses that Defendant has recently used to communicate with Plaintiff and third parties about the facts at issue in this action. Specifically, Defendant used the email address info@iviliiamilionicit.com to submit DMCA notices and to communicate with Google and Apple. (Adashchik Decl. ¶¶2-3 & Exs. A-B.) Additionally, Defendant used the email addresses ivilliamilionic@gmail.com and info@iviliiamilionicit.com to communicate with third parties about Defendant's purported copyrights in the Game. (Adashchik Decl. ¶¶4-6 & Exs. C-E.) Finally, Defendant has published the email address iviliiamillioniciit@gmail.com on its website located at <iviliiamilionicit.com> under the website's contact information. (Adashchik Decl. ¶7 & Ex. F.)

In summary, Plaintiff has satisfied the three requirements for service by email under Federal Rule 4(f)(3).

//

//

6

**PLAINTIFF'S NTC OF MTN AND MTN FOR ORDER AUTHORIZING SERVICE; MPA**

**C.    Plaintiff's application under the Hague Convention is unlikely to result in timely service.**

The Court should grant Plaintiff's motion for the additional reason that service under the Hague Convention is unlikely to result in timely service and may not result in service at all. (Pękała Decl. ¶6.)

Given the uncertainty of service in Poland under the Hague Convention, courts have authorized alternative service under Rule 4(f)(3) even when service under the Hague Convention had not been attempted. *See, e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, *passim* (S.D. Ohio 2013) (court authorized plaintiff to serve defendant companies in Poland and China by email even though plaintiff had not attempted service under Hague Convention where plaintiff showed that service in Poland and China could be significantly delayed under Hague Convention); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *4 (S.D. Fla. Sept. 14, 2015) (court authorized alternative service on Polish entity after plaintiff explained that service under Hague Convention would require substantial additional time); *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-CV-00043-JRG, 2021 WL 9095765, at *4 (E.D. Tex. Nov. 2, 2021) (finding that delay, expense, and prior attempts to effectuate service justified alternative service on Polish entity).

Given the delay and uncertainty of service of Defendant in Poland under the Hague Convention, service by email is warranted.

**D.    Poland has objected to personal service on Defendant's officer or agent through a process server.**

While Plaintiff would engage a private process server to personally serve process on Defendant's officer or agent in Poland, Poland has objected to such method of service. Therefore, it does not appear that the Court can authorize personal service on Defendant's officer or agent under Federal Rule 4(f)(3).

Section 10 of the Hague Convention states, "[p]rovided the State of destination does not object, the present Convention shall not interfere with -

**PLAINTIFF'S NTC OF MTN AND MTN FOR ORDER AUTHORIZING SERVICE; MPA**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

*See Convention Done at the Hague Nov. 15, 1965.* However, Poland has objected to "the modes of service specified in Articles 8 and 10 within its territory."[4] Thus, Poland has objected to personal service on an officer or agent of a business entity by a process server. In turn, Federal Rule 4(f)(3) only allows a court to authorize alternative means when those means are not prohibited by an international agreement.

Thus, while Plaintiff would be prepared to personally serve an officer or agent of Defendant in Poland, such service appears impermissible under the Hague Convention and thus under Federal Rule 4(f)(3).

## CONCLUSION

For the foregoing reasons, the Court should authorize Plaintiff to serve Defendant with process by email.

Respectfully Submitted,

DATED: June 7, 2024

**KRONENBERGER ROSENFELD, LLP**

By:  _____s/ Jeffrey M. Rosenfeld_____
          Jeffrey M. Rosenfeld

Attorneys for Plaintiff Ducky Ltd.

---

[4] https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=415&disp=resdn

Case No. 3:24-cv-02268-PHK

8

**PLAINTIFF'S NTC OF MTN AND MTN FOR ORDER AUTHORIZING SERVICE; MPA**