**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Kelly Mulcahy (CA Bar No. 305472)
548 Market Street #85399
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kr.law
jeff@kr.law
kelly@kr.law

Attorneys for Plaintiff Ducky Ltd.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **DUCKY LTD.**, a Cyprus limited company, | Case No. 3:24-cv-02268-PHK |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| **IVILIIA MILLIONIC IT SP. Z O.O.,** a Polish private limited liability company, | |
| Defendant. | |

## INTRODUCTION

On January 24, 2025, the Court entered an order [D.E. No. 32] requesting that Plaintiff Ducky Ltd. provide supplemental briefing on the following issues: (1) whether Rule 5(a)(2) of the Federal Rules of Civil Procedure ("FRCP") governs the service requirements for Plaintiff's motion for default judgment; (2) whether Defendant Iviliia Millionic IT sp. z o.o. is "a party who is in default for failing to appear" within the meaning of Rule 5(a)(2); and (3) whether service of the motion for default judgment via email complies with FRCP 5(a)(1) of FRCP 5(a)(2) is not applicable. Plaintiff, by and through its undersigned counsel, hereby submits this supplemental brief in support of its Motion for Default Judgment.

## PROCEDURAL BACKGROUND

Plaintiff filed its Complaint against Defendant on April 16, 2024, asserting a single cause of action for declaratory judgment pursuant to 28 U.S.C. §2201. [D.E. No. 1.] The Clerk of the Court issued the Summons to Defendant on April 19, 2024. [D.E. No. 7.] Defendant was served with the Summons and Complaint on July 24, 2024, under FRCP 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). [D.E. No. 21.] Defendant did not file any responsive pleading, motion, or otherwise appear in the action.

On November 11, 2024, the Clerk entered default against Defendant. [D.E. No. 26.] Plaintiff has not amended its Complaint or otherwise sought to assert new claims. Plaintiff filed its Motion for Declaratory Judgment against Defendant on December 16, 2024. [D.E. No. 30.] Plaintiff simultaneously served Defendant with the Motion for Default Judgment at three separate email addresses associated with Defendant. [D.E. No. 30-1 ¶6.]

## ARGUMENT

**A.   Under FRCP 5(a)(2), a motion for default judgment does not need to be served on a party that has not appeared if no new claims are asserted.**

As explained above, Defendant was served with process under the Hague Convention but has failed to appear in this action. Thus, Defendant is a party who is in default for failing to appear within the meaning of FRCP 5(a)(2).

1   Courts in the Ninth Circuit have consistently held that under FRCP 5(a)(2), a party who
2   has not appeared in an action does not need to be served with a motion for default judgment,
3   provided no new claims are introduced. *See Dist. Council 16 N. California Health & Welfare Tr.*
4   *Fund v. Valverde*, 678 F. Supp. 3d 1142, 1144 (N.D. Cal. 2023) ("If the defendant chooses not to
5   make an appearance, the plaintiff does not need to give the defendant notice that they are seeking
6   default judgment, *see* Fed. R. Civ. P. 5(a)(2)—but relief is limited to what's in the complaint to
7   ensure that the defendant has notice of what they've given up." (internal citation omitted)); *Bd. of*
8   *Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Perez*, No. C-10-2002 JSW
9   JCS, 2011 WL 6151506, at *5 (N.D. Cal. Nov. 7, 2011), *report and recommendation adopted as*
10  *modified sub nom. Bd. of Trustees of Laborers Health v. Perez*, No. C 10-02002 JSW, 2011 WL
11  6149518 (N.D. Cal. Dec. 12, 2011) ("Under Rule 5, unless an amended complaint asserts new or
12  additional claims for relief, it does not have to be served in one of the manners prescribed in Rule
13  Four to a party in default for failure to appear in the case."); *Peterson v. Islamic Republic Of Iran*,
14  627 F.3d 1117, 1130 (9th Cir. 2010) ("But Federal Rule 5(a)(2) waives that requirement for
15  motions against a party, like Iran, who is in default for failing to appear."); *Airlite Plastics Co. v.*
16  *Innori*, No. CV 23-925-GW-PVCX, 2023 WL 4155396, at *1 (C.D. Cal. May 31, 2023)
17  ("Moreover, once default is entered against a defendant that has not appeared in the case, further
18  service of materials is unnecessary."); *JBR, Inc. v. Cafe Don Paco, Inc.*, No. 12-CV-02377-JD,
19  2014 WL 5034292, at *1 (N.D. Cal. Sept. 30, 2014) ("The Court agrees with this conclusion and
20  finds that when, as here, a defendant is in default for failing to appear, service of pleadings and
21  other papers is not required.").
22  Because Plaintiff has not asserted any new claims, and because Defendant has not
23  appeared in this action, FRCP 5(a)(2) applies, and Plaintiff did not need to serve Defendant with
24  its Motion for Default Judgment. And because FRCP 5(a)(2) applies, FRCP 5(a)(1) does not
25  apply. *See* Fed. R. Civ. P. 5(a)(1) (stating "[u]nless these rules provide otherwise . . .").
26  **B.   Even when service is not required, courts recognize the benefit of notifying a**
27  **defaulting defendant of a motion for default judgment.**
28  While Plaintiff was not required to serve Defendant with its Motion for Default Judgment,

it chose to provide Defendant with notice because courts have recognized the benefit of providing notice in such circumstances. *See, e.g.*, *Penn Eng'g & Mfg. Corp. v. Dongguan Zhengmao Precision Hardware Factory*, No. 218CV02079GMNEJY, 2021 WL 5176471, at *3 (D. Nev. Oct. 18, 2021), *report and recommendation adopted sub nom. PENN ENGINEERING AND MANUFACTURING CORP., Plaintiff, v. DONGGUAN ZHENGMAO PRECISION HARDWARE FACTORY, Defendant.*, No. 218CV02079GMNEJY, 2021 WL 5173623 (D. Nev. Nov. 5, 2021)

> ("Plaintiff served the Notice of Default entered by the Clerk of Court as well as the Motion for Default Judgment on Defendant by email at its last known email address on March 19, 2021 (ECF No. 17) and, still, there has been no response from Defendant. Under these circumstances, Plaintiff has no means to litigate its claims against Defendant other than through the present method. Without judicial intervention, Plaintiff will not be able to prevent any further alleged infringement. For this reason, the Court finds the first *Eitel* factor favors entry of default judgment.");

*see also Gold Value Int'l Textile, Inc. v. Corinne Boutique*, No. 2:23-CV-00275-MRA-KS, 2024 WL 4404074, at *4 (C.D. Cal. Aug. 29, 2024) ("Since Defendants have not appeared in this action, Plaintiff was not required to provide Defendants with written notice of the Motion. [] Nevertheless, upon filing, Plaintiff served Yuanzala with the Notice of Motion and Motion by email and Hedare by certified mail."); *Tatum v. Layers, LLC*, No. 19-CV-02668-DMR, 2021 WL 6332677, at *5 (N.D. Cal. Mar. 25, 2021), *report and recommendation adopted*, No. 19-CV-02668-EMC, 2021 WL 6332781 (N.D. Cal. Apr. 27, 2021) ("Here, the amended complaint adds new forms of relief but does not assert any new claims against Defendants. Accordingly, Rule 5(a)(2) does not require service of the amended complaint on Defendants. The court notes that notwithstanding Rule 5(a)(2), Tatum served the amended complaint on Defendants by U.S. mail, email, and Federal Express."); *Power Time Int'l Logistics v. Skyline Trucking, Inc.*, No. EDCV221980JGBKKX, 2024 WL 1136326, at *2 (C.D. Cal. Jan. 20, 2024) ("Plaintiff has satisfied the procedural requirements for entry of default judgment. Pursuant to Rule 55, Plaintiff did not move for default judgment until after the Clerk entered default against Skyline. Plaintiff submits the affidavit of attorney Adam C. Brown with the information required by Local Rule 55-1. The Motion was served by mail and e-mail to Skyline's last known mailing address and e-mail address." (internal citations omitted)).

1    In summary, while Plaintiff was not required to serve Defendant with its Motion for
2 Default Judgment under FRCP 5(a)(2), Plaintiff provided Defendant with notice of the motion by
3 email to ensure that Defendant had every opportunity to respond to the Complaint.

## CONCLUSION

5    For the reasons set forth above and in Plaintiff's Motion for Default Judgment, the Court
6 should grant Plaintiff's motion and enter default judgment against Defendant.

Respectfully Submitted,

DATED: February 5, 2025                    **KRONENBERGER ROSENFELD, LLP**


By:   s/ Jeffrey M. Rosenfeld
        Jeffrey M. Rosenfeld

Attorneys for Plaintiff Ducky Ltd.

Case No. 3:24-cv-02268-PHK        4        **PLAINTIFF'S SUPP. BRIEF RE. MTN FOR DEFAULT JUDGMENT**